IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TONY JAMES GARNER, Petitioner, | : : : | PRISONER HABEAS CORPUS 28 U.S.C. § 2241 |
| v. | : : | |
| DARLENE DREW, Respondent. | : : | CIVIL ACTION NO. 1:16-CV-2278-WSD-LTW |

**FINAL REPORT AND RECOMMENDATION**

Petitioner is confined at the federal prison in Atlanta, Georgia. Petitioner, pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1.) Petitioner paid the filing fee.

This is the second writ Petitioner has sought on the same issue. *See* Pet., *Garner v. Drew*, No. 1:15-cv-255-WSD (N.D. Ga. Jan. 26, 2015). The Court recently dismissed the first case for lack of jurisdiction under controlling circuit precedent. *Id.*, ECF No. 17. That precedent still applies, and the Court still lacks jurisdiction to grant the relief Petitioner seeks.

Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts requires a federal court to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Under Rule 4, courts must screen a habeas petition prior to any answer

or other pleading and dismiss the petition when it "appears legally insufficient on its face."[1]  *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

In 2004, the U.S. District Court for the Southern District of Alabama sentenced Petitioner to 327 months' imprisonment after he pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. 1 at 1; Doc. 1-1 at 5.) The maximum sentence for that crime is ten years' imprisonment, 18 U.S.C. § 924(a)(2), but the court imposed a higher sentence because it found that the Armed Career Criminal Act ("ACCA") applied, (Doc. 1-1 at 5). The ACCA mandates a minimum sentence of fifteen years' imprisonment if a person convicted of being a felon in possession of a firearm has at least three prior convictions for either serious drug offenses or violent felonies. 18 U.S.C. § 924(e). The sentencing court found that Petitioner had at least three prior convictions for violent felonies, including three convictions for third-degree burglary under Alabama law.[2] (Doc. 1-1 at 5.) The U.S.

---

[1] The Rules apply to habeas actions under both 28 U.S.C. § 2254 and 28 U.S.C. § 2241. R. 1(b), Rules Governing § 2254 Cases. District courts may sua sponte dismiss a habeas petition under Rule 4 after affording the parties fair notice, which this Report and Recommendation provides. *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006).

[2] The sentencing court also upwardly departed from the sentencing range calculated under the U.S. Sentencing Guidelines because that range did not adequately reflect Petitioner's extensive criminal history and threat to public safety. *Garner*, No.

Court of Appeals for the Eleventh Circuit affirmed Petitioner's conviction and sentence. *United States v. Garner*, 157 F. App'x 117 (11th Cir. 2005).

In 2006, Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255, in which he challenged the sentence on the ground that his prior convictions for third-degree burglary were not violent felonies under the ACCA. (Doc. 1-1 at 5.) The sentencing court, relying on *United States v. Moody*, 216 F. App'x 952 (11th Cir. 2007), disagreed and denied the § 2255 motion. (*Id.*) The court of appeals held in *Moody*, an unpublished decision, that a district court properly considered a third-degree burglary conviction under Alabama law as a violent felony for purposes of the ACCA. *Moody*, 216 F. App'x at 953. In 2007, the sentencing court and the court of appeals denied Petitioner a certificate of appealability, thus ending the § 2255 proceedings. (Doc. 1-1 at 5.)

In January 2015, Petitioner filed his first § 2241 petition in this Court, in which he challenged the enhancement of his sentence under the ACCA based on his Alabama burglary convictions. *Garner*, No. 1:15-cv-255-WSD, ECF No. 1. Petitioner invoked 28 U.S.C. § 2255's "savings clause" as the vehicle for his habeas claim given that he had litigated a § 2255 motion. *Id.* Petitioner relied on *United States v. Howard*, 742

---

1:15-cv-255-WSD, ECF No. 10-3 at 79-80.

F.3d 1334 (11th Cir. 2014), which held, contrary to the earlier unpublished decision in *Moody*, that third-degree burglary under Alabama law is not a violent felony under the ACCA. *Id.*

The savings clause allows a federal prisoner to obtain relief under § 2241 only if it "appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner bears the burden of affirmatively showing that the § 2255 remedy is inadequate or ineffective. *Smith v. United States*, 263 F. App'x 853, 856 (11th Cir. 2008). A prisoner cannot obtain relief via the savings clause simply because he is barred from filing another § 2255 motion by § 2255(h)'s "second or successive" provision. *Gilbert v. United States*, 640 F.3d 1293, 1308-12 (11th Cir. 2011) (en banc).

"The applicability of the savings clause is a threshold jurisdictional issue" that district courts must determine before reaching the merits of a § 2241 petitioner's claims. *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1337-38 (11th Cir. 2013) ("[W]e hold that the savings clause does indeed impose a subject-matter jurisdictional limit on § 2241 petitions."). If a petitioner does not satisfy the requirements for applicability of the savings clause, the district court "lack[s] subject-matter jurisdiction to entertain the matter." *Id.* at 1349-50. In the Eleventh Circuit,

4

the savings clause applies to a claim, like Petitioner's, that a federal prisoner was improperly sentenced under the ACCA for prior violent felony convictions only if the prisoner shows the following:

> (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, our Circuit's binding precedent had specifically addressed [the petitioner's] distinct prior state conviction that triggered § 924(e) and had squarely foreclosed [his] § 924(e) [ACCA] claim that he was erroneously sentenced above the 10–year statutory maximum penalty in § 924(a); (2) subsequent to his first § 2255 proceeding, the Supreme Court's decision in *Begay* [or another case] . . . overturned our Circuit precedent that had squarely foreclosed [the petitioner's] § 924(e) claim; (3) the new rule announced in *Begay* [or the other Supreme Court case] applies retroactively on collateral review; (4) as a result of [the] new rule being retroactive, [the petitioner's] current sentence exceeds the 10–year statutory maximum authorized by Congress in § 924(a); and (5) the savings clause in § 2255(e) reaches his pure § 924(e)-*Begay* error claim of illegal detention above the statutory maximum penalty in § 924(a).

*Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1274 (11th Cir. 2013).

In March 2016, the Court found that Petitioner could not satisfy *Bryant*'s test because at the time of his direct appeal and first § 2255 proceeding, there was no Supreme Court or Eleventh Circuit precedent squarely foreclosing his claim that his Alabama burglary convictions were not violent felonies under the ACCA. *Garner*, No. 1:15-cv-255-WSD, ECF No. 17. As noted above, while *Moody* found that third-degree burglary under Alabama law was a violent felony and was issued before

5

Petitioner's first § 2255 proceeding concluded, it is an unpublished decision and, thus, not "binding precedent."

The Court concluded that "[b]ecause there was no 'binding' Eleventh Circuit authority that 'squarely foreclosed' Petitioner's claim, Petitioner cannot satisfy the first prong of the <u>Bryant</u> test. For this reason alone, Petitioner cannot rely on the savings clause to establish jurisdiction for the Court to adjudicate his claim on the merits."[3] *Id.* at 8 (citing *Bryant*); *see Jeanty v. Warden, FCI-Miami*, 757 F.3d 1283, 1285 (11th Cir. 2014) (petitioner must show that "this Court's precedent had specifically and squarely foreclosed the claim raised in the § 2241 petition"). The Court thus dismissed Petitioner's first § 2241 petition for lack of jurisdiction. *Garner*, No. 1:15-cv-255-WSD, ECF No. 17, at 11-12 ("[T]he Court lacks jurisdiction to consider his Petition on the merits.").

Petitioner then filed in the U.S. Court of Appeals for the Eleventh Circuit an application to file another § 2255 motion challenging the enhancement of his sentence under the ACCA. (Doc. 1 at 4.) Petitioner relied on recent Supreme Court decisions

---

[3] It was several years after Petitioner's sentencing, direct appeal, and § 2255 proceedings concluded that the court of appeals issued published decisions on the issue of whether third-degree burglary under Alabama law is a violent felony for ACCA purposes. *See United States v. Rainer*, 616 F.3d 1212 (11th Cir. 2010), *abrogated by United States v. Howard*, 742 F.3d 1334 (11th Cir. 2014).

6

holding that the residual clause in the ACCA's definition of "violent felony" is unconstitutionally vague and that the ruling applies retroactively to cases on collateral review. *In re Garner*, No. 16-12109-J (11th Cir. June 1, 2016) (unpublished); *see Johnson v. United States*, 135 S. Ct. 2551 (2015) (finding residual clause unconstitutional); *see also Welch v. United States*, 136 S. Ct. 1257 (2016) (holding that *Johnson*'s rule applies retroactively). Petitioner also relied on the U.S. Court of Appeals for the Eleventh Circuit's recent decision that *Johnson*'s rule and the 2014 decision in *Howard* (that third-degree burglary under Alabama law is not a violent felony under the ACCA) apply retroactively in a first § 2255 proceeding. *In re Garner*, No. 16-12109-J; *see Mays v. United States*, 817 F.3d 728 (11th Cir. 2016).

On June 1, 2016, the court of appeals denied Petitioner's application to file another § 2255 motion. *In re Garner*, No. 16-12109-J. That court found that *Johnson* "is a non-issue" in Petitioner's case because the sentencing court found that Petitioner's Alabama burglary convictions qualified under the enumerated crimes clause, not the residual clause, of the ACCA's definition of violent felony. *Id.* at 11-13. *Johnson* dealt with only the residual clause. *Id.* And *Mays* does not help Petitioner because it announced a rule applicable only in proceedings on a first § 2255 motion, while Petitioner was seeking to file a second § 2255 motion. *See id.* at 10.

7

Petitioner then filed his second § 2241 petition under the savings clause, which is the present case. (Docs. 1, 1-1.) Petitioner asserts the same arguments that he asserted in his first § 2241 petition and in his application to the court of appeals for permission to file another § 2255 motion. (*Id.*) Petitioner continues to challenge the use of his Alabama burglary convictions to enhance his sentence under the ACCA and relies on the same cases as he did in his prior actions – *Howard*, *Johnson*, *Mays*, and *Descamps v. United States*, 133 S. Ct. 2276 (2013).[4] (*Id.*)

Petitioner cannot obtain relief under the savings clause in this case for the same reason the Court held that he could not obtain relief under the savings clause in his prior case – he does not satisfy *Bryant*'s jurisdictional test because no binding precedent squarely foreclosed his claim regarding his burglary convictions when his first § 2255 motion was litigated nine years ago. *See Williams v. Warden*, 713 F.3d 1332, 1348 (11th Cir. 2013) ("[W]hat is dispositive is that his claim was not

---

[4] The Supreme Court held in *Descamps* that courts may not use the modified categorical approach to determine whether a crime is one of those enumerated in the ACCA's definition of violent felony unless the statute defining the crime is divisible. *Descamps*, 133 S. Ct. at 2281-82. *Descamps* did not support Petitioner's request to file another § 2255 motion, and it does not support his request in this case for relief under § 2255(e)'s savings clause. "*Descamps* does not apply retroactively to cases on collateral review, and is not a proper basis for granting relief under § 2241 via the savings clause of § 2255(e)." *Abney v. Warden*, 621 F. App'x 580, 584 (11th Cir. 2015) (citing *Bryant*).

8

foreclosed at the time by binding Eleventh Circuit precedent . . . ."). "The purpose of [*Bryant*'s] test is to prevent us from entertaining § 2241 petitions by federal prisoners who could have at least theoretically successfully challenged an ACCA enhancement in an earlier proceeding – that is, to ensure that no other aspect of § 2255 could have been '[ ]adequate or [ ]effective to test the legality of his detention.'" *McCarthan v. Warden, FCI Estill*, 811 F.3d 1237, 1245 (11th Cir. 2016) (citing the savings clause). The U.S. Court of Appeals for the Eleventh Circuit recently confirmed that a habeas petitioner seeking relief under the savings clause, even if armed with new court decisions favorable to him on the substantive merits issue, must show "that binding circuit precedent 'squarely foreclosed' him from raising his claim on direct appeal or in his previous § 2255 motion" before the court can consider the merits of his claim. *Aiken v. Warden, FCC Coleman-Medium*, No. 12-13514, 2016 WL 2342722, at *4 (11th Cir. May 4, 2016). As explained above, none of the recent court decisions Petitioner relies on changes the conclusion the Court reached just a few months ago that Petitioner has not satisfied *Bryant*'s test for obtaining relief under the savings clause.

9

Accordingly, the undersigned **RECOMMENDS** that this action be **DISMISSED** for lack of jurisdiction.

**SO RECOMMENDED**, this 6 day of July, 2016.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE