IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**TONY JAMES GARNER,**

                **Petitioner,**

v.                                   1:16-cv-2278-WSD

**D. DREW, Warden,**

                **Respondent.**

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Linda T. Walker's Final Report and Recommendation [2] ("R&R"). The R&R recommends the Court deny Petitioner Tony James Garner's ("Petitioner") 28 U.S.C. § 2241 petition for a writ of habeas corpus [1] ("Section 2241 Petition").

## I.   BACKGROUND[1]

This is the second 2241 Petition that Petitioner has filed on the same issue. In Garner v. Drew, No. 1:15-cv-255-WSD (N.D. Ga. Mar. 7, 2016), the Court dismissed Petitioner's petition under Section 2241 for lack of jurisdiction. The

---

[1]   The facts are taken from the R&R and the record. The parties have not objected to any specific facts in the R&R, and the Court finds no plain error in them. The Court thus adopts the facts set out in the R&R. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

Court found that Petitioner failed to establish that the "savings clause" applied to his claim. The Court denied Petitioner's motion for reconsideration.

Petitioner then filed in the Eleventh Circuit an application to file another Section 2255 motion[2] challenging the enhancement of his sentence under the ACCA, arguing that the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015) applied. On June 1, 2016, the Eleventh Circuit denied Petitioner's application, finding that Johnson did not apply to Petitioner's case. Petitioner then filed his second Section 2241 Petition in this Court, asserting the same arguments that he asserted in his first Section 2241 petition and in his application to the Eleventh Circuit.

On July 6, 2016, the Magistrate Judge issued her R&R. The Magistrate Judge found that Petitioner's Section 2241 Petition should be dismissed for the same reasons the Court dismissed Petitioner's first petition. Petitioner did not file any objections to the R&R.

---

[2] In 2006, Petitioner filed a Section 2255 motion challenging the enhancement of his sentence under the Armed Career Criminal Act ("ACCA"). The sentencing court denied that motion.

**II.   DISCUSSION**

   A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  Where, as here, no party has objected to the report and recommendation, the Court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

   B.   Analysis

To affirmatively show that the savings clause applies to his claim, Petitioner must establish:

> (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, our Circuit's binding precedent had specifically addressed [Petitioner's] distinct prior state conviction that triggered § 924(e) and had squarely foreclosed [Petitioner's] § 924(e) claim that he was erroneously sentenced above the 10–year statutory maximum penalty in § 924(a); (2) subsequent to his first § 2255 proceeding, the Supreme Court's decision in [Descamps], as extended by this Court to [Petitioner's] distinct prior conviction, overturned our Circuit precedent that had squarely foreclosed [Petitioner's] § 924(e) claim; (3) the new rule announced in [Descamps] applies retroactively on

3

> collateral review; (4) as a result of [Descamps'] new rule being retroactive, [Petitioner's] current sentence exceeds the 10–year statutory maximum authorized by Congress in § 924(a); and (5) the savings clause in § 2255(e) reaches his pure § 924(e)-[Descamps] error claim of illegal detention above the statutory maximum penalty in § 924(a).

Bryant, 738 F.3d at 1262.  "[W]hether the savings clause in § 2255(e) may open the portal to a § 2241 petition is a 'threshold' jurisdictional issue that must be decided before delving into the merits of the petitioner's claim and the applicable defenses."  Bryant, 738 F.3d at 1262.

The Court previously found that the savings clause does not apply to Petitioner's claim, including because:  (1) when Petitioner was convicted, sentenced, and throughout his direct appeal, there was no Eleventh Circuit precedent that directly addressed whether the crime of third-degree burglary under Alabama law constituted a "violent felony" under the ACCA and that "squarely foreclosed" Petitioner's claim, and (2) while United States v. Howard, 742 F.3d 1334, 1349 (11th Cir. 2014), is a binding Eleventh Circuit decision that supports Petitioner's argument that his third-degree burglary convictions should not have been considered violent felonies under the ACCA, this decision was published after Petitioner's 2006 motion to vacate was denied.

The Magistrate Judge found that Petitioner cannot obtain relief under the savings clause in this case for the same reason the Court previously found that he

could not obtain relief under the savings clause: Petitioner does not satisfy the jurisdiction test set forth in <u>Bryant</u>, because no binding precedent squarely foreclosed his claim regarding his burglary convictions when his first Section 2255 motion was litigated nine years ago. The Magistrate Judge thus recommends the Court dismiss Petitioner's Section 2241 Petition for lack of subject matter jurisdiction. The Court finds no plain error in these findings and recommendation, and Petitioner's Section 2241 Petition is dismissed for lack of subject matter jurisdiction.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner Tony James Garner's 28 U.S.C. § 2241 petition for a writ of habeas corpus [1] is **DISMISSED** for lack of subject matter jurisdiction.

**SO ORDERED** this 8th day of February, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE